**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: _____

DAVID FORTUNY,

    Plaintiff,

vs.

F.M.M.D NETWORK LLC,
a Florida Limited Liability Company,
and BRETT SANDMAN,
an individual, jointly and severally,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, DAVID FORTUNY, sues Defendants, F.M.M.D NETWORK LLC and BRETT SANDMAN, and shows:

### Jurisdiction and Venue

1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4333 ("USERRA"), as amended by the VOW to Hire Heroes Act of 2011.

2. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3).

3. Venue is proper because Defendant F.M.M.D NETWORK LLC, Plaintiff's former employer, maintains a place of business in this district, as provided in 38 U.S.C. §4323(c)(2).

4. Venue is also proper because a substantial part of, if not all of, the events giving rise to the claim occurred in this district, as provided in 28 U.S.C. §1391(b)(2).

5. Plaintiff, at all relevant times in this Complaint, was a resident of Broward County, Florida.

6. Defendant, F.M.M.D NETWORK LLC (hereinafter "F.M.M.D"), at all relevant times, was Plaintiff's employer as defined by 38 U.S.C. §4303(4)(A) and is a Florida Limited Liability Company with its principal place of business in Broward County, Florida.

7. Defendant, BRETT SANDMAN (hereinafter "SANDMAN"), at all relevant times, was Plaintiff's employer as defined by 38 U.S.C. §4303(4)(A)(i), and is a resident of Palm Beach County, Florida. SANDMAN is an owner and employee of F.M.M.D, set Plaintiff's work schedule, set Plaintiff's compensation, supervised Plaintiff, terminated Plaintiff, and otherwise controlled the terms of Plaintiff's employment.

8. At all relevant times, the Plaintiff was a member of the United States Army National Guard.

9. At all times relevant herein, the Defendants were aware that Plaintiff was a member of the United States Army National Guard.

**Common Allegations**

10. Plaintiff, at all relevant times, was a member of the protected group of employees who were in the armed services.

11. Plaintiff was employed with F.M.M.D, a company specializing in the production and sale of cannabidiol ("CBD") products, from February 2019 until October 2020, as a Sales Representative. Plaintiff was paid on a commission basis and was expected to work Monday through Friday.

12. Throughout his employment with F.M.M.D, SANDMAN was Plaintiff's employer as defined by 38 U.S.C. §4303(4)(A)(i), in that SANDMAN was delegated the performance of employment-related responsibilities by F.M.M.D.

13. At all relevant times the Plaintiff performed his job duties satisfactorily, if not in a superior manner.

14. When the Plaintiff was hired, the Defendants were made aware that Plaintiff was in the military National Guard, and that he would be required to report for duty: (a) once per month to engage in weekend duty; (b) two weeks to one month during the spring or summer to engage in annual training; (c) any time that he was given special orders; or (d) for other service related duties.

15. Plaintiff would also receive a schedule from his Executive Officer setting out his expected duties for the year, which was subject to change from time to time. Plaintiff provided the Defendants a copy of this schedule.

16. Throughout his employment with F.M.M.D, one of Plaintiff's supervisors was SANDMAN, who also owns the company.

17. SANDMAN would constantly harass Plaintiff about his obligations to the Army National Guard, including making comments that Plaintiff was not around to take client calls when he was on duty and that he was not responding to emails while he was on duty for the National Guard.

18. In July 2020, SANDMAN went so far as to terminate Plaintiff when Plaintiff was called to active duty. Plaintiff was ultimately allowed to return to work once his active duty was over, and only after Plaintiff informed SANDMAN that his actions were contrary to law.

19. SANDMAN cut Plaintiff's commissions rate by making him sign a new employment agreement upon his return from active duty in July 2020. Plaintiff had clients taken away from him, thereby further reducing his earnings. In this way, F.M.M.D and SANDMAN retaliated against Plaintiff for Plaintiff's military service.

20. On Thursday, October 29, 2020, SANDMAN informed Plaintiff that he was terminated. Said termination occurred after Plaintiff was in training drills for the National Guard

from Wednesday, October 21, 2020 to Sunday, October 25, 2020. As its reasoning, F.M.M.D and SANDMAN stated that Plaintiff was not around to handle client calls and was not responding to clients while not at the office.

21. The Defendants' reasoning for terminating Plaintiff was a pretext enabling the Defendants to terminate Plaintiff due to his military commitment to the Army National Guard.

22. The decision maker involved in the decision-making process which resulted in the adverse employment action taken against the Plaintiff include, but is not limited to, F.M.M.D owner SANDMAN.

23. The decision maker was aware of Plaintiff's military status.

## Count I
### Discrimination Under 38 U.S.C. §4301 Et Seq
### Against Defendant F.M.M.D

24. The Plaintiff hereby reasserts and realleges paragraphs 1 through 23 above and incorporates same into Count I.

25. The Uniformed Services Employment and Reemployment Rights Act ("USERRA") (38 U.S.C. §§4301-4333) prohibits discrimination in employment against individuals who have been called to duty in the uniformed services.

26. F.M.M.D was Plaintiff's employer as defined by 38 U.S.C. §4303(4)(A).

27. That at all relevant times F.M.M.D was under a duty to refrain from engaging in conduct in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") by, among other duties, (a) failing to eliminate or minimize the disadvantages to Plaintiff's career and employment which resulted from his military service, and (b) discriminating and/or retaliating against Plaintiff because of his military service.

28. F.M.M.D breached these duties, including, but not limited to, (a) eliminating or minimizing the disadvantages to Plaintiff's career and employment which resulted from his

military service, (b) discriminating against Plaintiff because of his military service, and (c) by other violations that will be revealed in discovery.

29. F.M.M.D' motive in terminating Plaintiff's employment was his participation in Army National Guard duty, which constitutes a violation of USERRA.

30. F.M.M.D also violated USERRA by terminating Plaintiff's employment without good cause less than 180 days after his return to work after completing his Army National Guard duty.

31. As a direct and proximate result of the conduct of F.M.M.D as set forth in the above paragraphs, Plaintiff has suffered injuries and damages more fully set out below.

(a) loss of employment, loss of past, present, and future wage compensation, loss of past, present and future fringe benefits, medical insurance, disability insurance, pension and retirement benefits, vacation and sick leave benefits, life insurance benefits, long term and short term disability benefits, profit-sharing benefits, travel and accident insurance benefits, and salary continuation, loss of the opportunity for future advancement to higher positions and the like.

(b) compensatory damages in whatever amount he is found to be entitled, including but not limited to loss of livelihood and dignity, embarrassment, humiliation, and extreme mental anguish and mental concern and worry, damage and injury and loss to Plaintiff's earning capacity, credit rating and ability to obtain employment, anxiety, emotional trauma, depression, embarrassment and ridicule in the past, present and future, unforeseen expenses, general, incidental and consequential damages, damages to credit, reputation, humiliation, shame, mental suffering and embarrassment, loss of time, injury to fame, personal mortification, loss of business credit.

(c) Plaintiff alleges such violations of USERRA were willful and requests liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C).

(d) Punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay.

(e) An award of interest, costs and reasonable attorney's fees.

(f) Equitable relief including but not limited to the following: (1) an injunction prohibiting any further acts of retaliation or discrimination; and (2) whatever other equitable relief appears appropriate at the time of trial.

(g) Any other appropriate damages.

WHEREFORE, Plaintiff prays for a judgment that is fair and in accordance with the evidence produced at trial.

## Count II
### Discrimination Under 38 U.S.C. §4301 Et Seq
### Against Defendant SANDMAN

32. The Plaintiff hereby reasserts and realleges paragraphs 1 through 23 above and incorporates same into Count III.

33. The Uniformed Services Employment and Reemployment Rights Act ("USERRA") (38 U.S.C. §§4301-4333) prohibits discrimination in employment against individuals who have been called to duty in the uniformed services.

34. SANDMAN was Plaintiff's employer as defined by 38 U.S.C. §4303(4)(A)(i).

35. That at all relevant times the SANDMAN was under a duty to refrain from engaging in conduct in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") by, among other duties, (a) failing to eliminate or minimize the disadvantages to Plaintiff's career and employment which resulted from his military service, and (b) discriminating and/or retaliating against Plaintiff because of his military service.

36. SANDMAN breached these duties, including, but not limited to, (a) eliminating or minimizing the disadvantages to Plaintiff's career and employment which resulted from his military service, (b) discriminating against Plaintiff because of his military service, and (c) by other violations that will be revealed in discovery.

37. SANDMAN's motive in terminating Plaintiff's employment was Plaintiff's participation in Army National Guard duty, which constitutes a violation of USERRA.

38. SANDMAN also violated USERRA by terminating Plaintiff's employment without good cause less than 180 days after his return to work after completing his Army Reserve duty.

39. As a direct and proximate result of the conduct of SANDMAN as set forth in the above paragraphs, Plaintiff has suffered injuries and damages more fully set out below.

(a) loss of employment, loss of past, present, and future wage compensation, loss of past, present and future fringe benefits, medical insurance, disability insurance, pension and retirement benefits, vacation and sick leave benefits, life insurance benefits, long term and short term disability benefits, profit-sharing benefits, travel and accident insurance benefits, and salary continuation, loss of the opportunity for future advancement to higher positions and the like.

(b) compensatory damages in whatever amount he is found to be entitled, including but not limited to loss of livelihood and dignity, embarrassment, humiliation, and extreme mental anguish and mental concern and worry, damage and injury and loss to Plaintiff's earning capacity, credit rating and ability to obtain employment, anxiety, emotional trauma, depression, embarrassment and ridicule in the past, present and future, unforeseen expenses, general, incidental and consequential damages, damages to credit, reputation, humiliation, shame, mental suffering and embarrassment, loss of time, injury to fame, personal mortification, loss of business credit.

(c) Plaintiff alleges such violations of USERRA were willful and requests liquidated damages pursuant to 38 U.S.C. §4323(d)(1)(C).

(d) Punitive and exemplary damages commensurate with the wrong and Defendant's ability to pay.

(e) An award of interest, costs and reasonable attorney fees.

(f) Equitable relief including but not limited to the following: (1) an injunction prohibiting any further acts of retaliation or discrimination; and (2) whatever other equitable relief appears appropriate at the time of trial.

(g) Any other appropriate damages.

WHEREFORE, Plaintiff prays for a judgment that is fair and in accordance with the evidence produced at trial.

## Demand for Jury Trial

Plaintiff, DAVID FORTUNY, demands trial by jury on all issues so triable.

Dated: **June 18, 2021**
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for DAVID FORTUNY*